**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DALE R. DAVIDSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1302-CR-56 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1111-FA-1285

**August 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Dale R. Davidson ("Davidson") was convicted of Residential Entry, a Class D felony,[1] and three Class A misdemeanors: Battery,[2] Invasion of Privacy,[3] and Interference with Reporting of a Crime.[4] An aggregate sentence of fifty-four months was orally pronounced; an Abstract of Judgment indicates that a sentence of forty-eight months was imposed. On appeal, Davidson presents the sole issue of whether a fifty-four month sentence exceeds that statutorily permissible for a single episode of criminal conduct. The State responds that the sentence must be clarified on remand. We remand for clarification of the sentence imposed.

## Facts and Procedural History

On November 20, 2011, Davidson entered the home of his ex-wife, choked her unconscious, and left with her telephone. As a result of those events, the State charged Davidson with Burglary, as a Class A felony,[5] Strangulation, a Class D felony,[6] Invasion of Privacy and Interference with Reporting of a Crime. At the conclusion of a two-day trial conducted on December 17 and 18, 2012, the jury found Davidson guilty of Residential Entry, Battery, Invasion of Privacy and Interference with Reporting of a Crime.

On January 11, 2013, the trial court conducted a sentencing hearing. The trial court

---

[1] Ind. Code § 35-43-2-1.5.

[2] I.C. § 35-42-2-1(a)(1)(A).

[3] I.C. § 35-46-1-15.1(2).

[4] I.C. § 35-45-2-5(1).

[5] I.C. § 35-43-2-1.

[6] I.C. § 35-42-2-9(B).

2

orally pronounced a sentence of thirty months for Residential Entry, and twelve months for each of the remaining convictions.[7] The sentence for Battery was to be served concurrently with the Residential Entry sentence, and the sentences for Invasion of Privacy and Interference with Reporting of a Crime were to be served consecutively to each other and the Residential Entry sentence. Accordingly, the sentence orally pronounced was fifty-four months.

However, the trial court stated that it was ordering "a total sentence of forty-two months, and [sic] thirty-six of which will be served at the Department of Corrections and six will be served at the Vanderburgh County Work Release Program." (Tr. 19.) The chronological case summary indicates that an aggregate sentence of fifty-four months was imposed.

Finally, the Abstract of Judgment indicates that an aggregate sentence of forty-eight months was imposed, as follows: thirty months for Residential Entry, twelve months for Battery, twelve months for Invasion of Privacy, and six months for Interference with Reporting of a Crime. The latter was to be served on work release. The sentence for Invasion of Privacy was to run concurrent with the sentence for Residential Entry, the sentence for Battery was to run consecutive to the sentences for Residential Entry and Invasion of Privacy, and the sentence for Interference with Reporting of a Crime was to run consecutive to all the other sentences.

Davidson appeals.

---

[7] The sentence for Interference with Reporting of a Crime was to be split between six months executed and six months on work release.

3

**Discussion and Decision**

Based upon the premise that he in fact received a sentence of fifty-four months, Davidson argues that his sentence exceeds that permitted by statute. More specifically, he claims that his sentence should be capped at forty-eight months.

Indiana Code section 35-50-1-2(c) provides in relevant part: "[E]xcept for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted."

Davidson was convicted of a Class D felony. The advisory sentence for a Class C felony is four years. See I.C. § 35-50-2-6. None of Davidson's convictions are for crimes of violence enumerated in Indiana Code section 35-50-1-2(a). Accordingly, if Davidson's convictions arose from a single episode of criminal conduct, his sentence could not exceed four years.

Davidson did not provide a copy of the trial transcript as part of the appellate record, such that we might determine whether he engaged in a single episode of criminal conduct. The appellant has the duty to present an adequate record clearly showing the alleged error and, where he fails to do so, the issue is deemed waived. Stallings v. State, 508 N.E.2d 550, 552 (Ind. 1987). We cannot provide Davidson relief in this regard.

However, the State urges that we remand the matter for clarification of the sentence

imposed.  The State observes that the trial court's oral sentencing statement was internally contradictory and was also inconsistent with the Abstract of Judgment and the chronological case summary.  We agree with the State that it is not possible to ascertain what sentence was in fact imposed upon Davidson.  We therefore remand to the trial court for clarification.

Remanded.

MAY, J., and BRADFORD, J., concur.